## L. R. HONEYCULT & CO., Respondents, v. JOHN HOGAN, JOHN BARRY et al., Appellants.

### No. 4100; April 11, 1864.

**Partnership—Individual Note of Partner.**—When partners do business under the name specifically of one of them, and that one makes a note which, to the knowledge of the payee, is an individual note, such note cannot be enforced against the partnership.

APPEAL from Fourteenth Judicial District, Placer County.

Hamilton & Williams for respondents; Tuttle & Fellows for appellants.

SHAFTER, J.—The complaint in this action is founded upon a promissory note executed by John Hogan to the plaintiffs for the sum of five hundred dollars, payable three months after date. The complaint charges that Hogan and Barney, joint defendants in the action, were at the date of the note, April 22, 1862, and before and after said date, partners, in the livery-stable business, under the firm name "John Hogan," and that on said day the defendants, under said firm name, and for 'the use and benefit of said firm, executed and delivered to the plaintiffs the note in question.

Hogan was served but did not appear. In the answer filed by Barney the partnership and partnership name are admitted as they are alleged in the complaint. The answer denies that the signature was put to the note by Barney, or by anyone acting under authority from him, and denies that the note was given on the credit of Barney or on the credit of the firm. It is further averred in the answer that it was stipulated in the partnership contract that each partner should furnish one-half of the "stock" invested in the partnership business, and that the note in suit was in fact given by Hogan on his private account, and "for an individual purchase made by him of the plaintiffs, and for his individual debt."

The trial was by the court. Barney appeals from the judgment and from an order overruling his motion for a new trial.

The principal question raised by the pleadings was whether the note was the note of the firm or the individual note of Hogan. We have examined the evidence and find little or no conflict in it. The testimony of both parties tends with singular directness to prove that the note was the private note of Hogan, given for a debt contracted by him in his own name and for his own individual benefit, and that the plaintiffs accepted the note with the full understanding that the note was not the note of the firm but the individual note of the partner by whom it was executed. This, in our judgment, is a case where a new trial should be awarded, for the reason that the decision on the questions of fact presented by the pleadings was not justified by the evidence.

Judgment reversed and new trial ordered.

We concur: Sanderson, C. J.; Sawyer, J.; Currey, J.; Rhodes, J.